UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

.. .. .. .. .. .. .. .. .. .. .. .. . .
                                        :
BRIAN CONLEY,                           :
                                        :
                Plaintiff,              :      **COMPLAINT AND**
                                        :      **JURY DEMAND**
            vs.                         :
                                        :      ECF CASE
CITY OF NEW YORK, POLICE OFFICER J.     :
ASTUTO, and JOHN DOES 1-5,              :
                                        :      05 Civ 10024 (KMK)
                Defendants.             :
.. .. .. .. .. .. .. .. .. .. .. .. .

        Plaintiff, by and through his attorney, alleges:

### JURISDICTION

1.   This action arises under and the First, Fourth and

     Fourteenth Amendments to the United States Constitution and

     is filed pursuant to 42 U.S.C. § 1983.

2.   The jurisdiction of this Court is predicated on 28 U.S.C. §

     1331 and 28 U.S.C. § 1343(a)(3) and (4).

3.   The plaintiff further invokes this Court s supplemental

     jurisdiction, pursuant to 28 U.S.C. §1367 over any and all

     state claims and as against all parties that are so related

     to the claims in this action within the original

     jurisdiction of this court that they form part of the same

     case or controversy.

### PARTIES

4.   Plaintiff is a citizen and resident of the United states.

5.   Defendant City of New York is and was at all times relevant

     to this action a municipal corporation authorized under the

laws of the State of New York.

6.   Defendant J. Astuto is and was at all times relevant to this
     action a police officer employed by defendant City of New
     York and acting under color of law.  He is sued in his
     individual capacity.

7.   Defendants John Doe 1 through John Doe 5 are and were at all
     times relevant to this action, police officers employed by
     the defendant City of New York and acting under color of
     law.  Each is sued in his individual capacity.

**FACTS**

8.   On August 31, 2004 at approximately 8:45 a.m. plaintiff was
     on the sidewalk at Stone Street and Mill Lane.  He was there
     for the purpose of filming an activity related to the
     protests at the Republican National Convention.

9.   At that time and place, plaintiff was arrested and charged
     with disorderly conduct.

10.  At the time of his arrest, plaintiff was engaged in no
     activity which was in violation of law and neither defendant
     John Doe 1 nor defendant J. Astuto had probable cause to
     arrest him.

11.  Plaintiff was placed in flexible plastic handcuffs.  Those
     cuffs were too tight and plaintiff made several complaints
     about this to the arresting officers, including, but not
     limited to defendant J. Astuto and well as John Does 2 and 3

who accompanied plaintiff from the scene of his arrest to Pier 57 where he was held.

12. On or about November 10, 2004 all charges against plaintiff were dismissed.

## COUNT I

## FALSE ARREST - § 1983

13. Plaintiff repeats and realleges paragraphs 1 through 12 of this Complaint as if fully set forth herein.

14. Plaintiff Conley engaged in no conduct which could lawfully subject him to arrest and defendants did not have probable cause to arrest him.

15. As a direct and proximate result of the actions of defendants, taken under color of law, plaintiffs was deprived of rights protected by the Fourth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §1983.

16. As a direct and proximate result of the actions of defendants, taken under color of law, plaintiff suffered physical injury, emotional harm and distress.

## COUNT II

## MALICIOUS PROSECUTION - § 1983

17. Plaintiff repeats and realleges paragraphs 1 through 16 of this Complaint as if fully set forth herein.

18. The allegations in the criminal complaints signed by

defendant J. Astuto and/or John Doe 1 were knowingly false

and motivated by a desire to punish plaintiff and/or to

cover up defendant  s own unlawful conduct.

19.   The aforesaid conduct of defendant J. Astuto and/or John Doe

1 violated plaintiff  s rights under the Fourth and

Fourteenth Amendments to the United States Constitution.

20.   As a direct and proximate result of the actions of

defendants, taken under color of law, plaintiff suffered

emotional harm and distress and was caused to expend money

to defend himself.

### COUNT III

### FIRST AMENDMENT - § 1983

21.   Plaintiff repeats and realleges paragraphs 1 through 20 of

this Complaint as if fully set forth herein.

22.   The conduct of defendants as described herein was motivated,

at least in significant part, by the fact that plaintiff had

engaged in activity protected by the First Amendment.

23.   The mistreatment of plaintiff due to his exercise of First

Amendment rights violates plaintiff  s rights under the First

and Fourteenth Amendments to the United States Constitution.

24.   As a direct and proximate result of the actions of

defendants, taken under color of law, plaintiff suffered

physical injury, emotional harm and distress and was

prevented from engaging in First Amendment activity during

the time of his detention.

## COUNT IV

### DELIBERATE INDIFFERENCE - § 1983

25.  Plaintiff repeats and realleges paragraphs 1 through 24 of
     this Complaint as if fully set forth herein.

26.  The failure of defendant J. Astuto and/or John Does 1,2 and
     3 to release or remediate the tightness of the handcuffs
     which were placed on plaintiff was deliberately indifferent
     to the right of plaintiff to be free from unreasonable force
     in violation of the Fourth and Fourteenth Amendments to the
     United states Constitution.

27.  As a direct and proximate result of the actions of
     defendants, taken under color of law, plaintiff suffered
     physical injury to his left hand and wrist, some of which
     may be permanent, emotional harm and distress as well as
     loss of income due to the injury.

## COUNT V

### FAILURE TO TRAIN AND SUPERVISE - § 1983

28.  Plaintiff repeats and realleges paragraphs 1 through 27 of
     this Complaint as if fully set forth herein.

29.  On information and belief, defendant City of New York has,
     with deliberate indifference, failed to adequately train or
     otherwise direct police officers concerning the use of
     flexible plastic handcuffs, thereby causing the defendant

officers in this case to engage in the unlawful conduct
described above.

30. As a direct and proximate result of the actions of defendant
City of New York, taken under color of law, plaintiff
suffered physical injury to his left hand and wrist, some of
which may be permanent, emotional harm and distress as well
as loss of income due to the injury.

## COUNT VI

## FALSE ARREST AND FALSE IMPRISONMENT - STATE LAW

31. Plaintiff repeats and realleges paragraphs 1 through 30 of
this Complaint as if fully set forth herein.

32. The conduct of defendants as set forth herein constituted
false arrest and false imprisonment in violation of the
Constitution, statutory, and common law of the State of New
York.

33. Plaintiff has filed Notice of Claim with the Comptroller of
the City of New York within the time required by law and
more than 30 days have elapsed since that filing, and
adjustment or payment thereof has been neglected or refused.

34. As a direct and proximate result of the actions of
defendants, plaintiff suffered deprivation of liberty,
physical injury, emotional harm and distress.

## COUNT VII

## ASSAULT AND BATTERY - STATE LAW

35. Plaintiff repeats and realleges paragraphs 1 through 34 of this Complaint as if fully set forth herein.

36. The conduct of defendants as set forth herein constituted assault and battery in violation of the Constitution, statutory, and common law of the State of New York.

37. Plaintiff has filed Notice of Claim with the Comptroller of the City of New York within the time required by law and more than 30 days have elapsed since that filing, and adjustment or payment thereof has been neglected or refused.

38. As a direct and proximate result of the actions of defendants, plaintiff suffered deprivation of liberty, physical injury, emotional harm and distress, loss of income and costs and expenses.

## COUNT VIII

## MALICIOUS PROSECUTION - STATE LAW

39. Plaintiff repeats and realleges paragraphs 1 through 38 of this Complaint as if fully set forth herein.

40. The conduct of defendants as set forth herein constituted malicious prosecution in violation of the Constitution, statutory, and common law of the State of New York.

41. Plaintiff has filed Notice of Claim with the Comptroller of the City of New York within the time required by law and more than 30 days have elapsed since that filing, and adjustment or payment thereof has been neglected or refused.

42.  As a direct and proximate result of the actions of defendants, plaintiff suffered deprivation of liberty, emotional harm and distress and costs and expenses.

## COUNT IX

### NEGLIGENCE - STATE LAW

43.  Plaintiff repeats and realleges paragraphs 1 through 42 of this Complaint as if fully set forth herein.

44.  The conduct of defendants as set forth herein constituted negligence in violation of the Constitutional, statutory, and common law of the State of New York.

45.  Plaintiff has filed Notice of Claim with the Comptroller of the City of New York within the time required by law and more than 30 days have elapsed since that filing, and adjustment or payment thereof has been neglected or refused.

46.  As a direct and proximate result of the actions of defendants, plaintiff suffered deprivation of liberty, physical injury, emotional harm and distress, loss of income and costs and expenses.

**WHEREFORE,** Plaintiff demands judgment as follows:

   a.  Compensatory damages;

   b.  Punitive damages;

   c.  Reasonable attorneys fees and costs;

   d.  Such other and further relief as appears

reasonable and just.

Plaintiff demands trial by jury.

Dated: November 29, 2005         /s/Jeffrey E. Fogel
                                 Jeffrey E. Fogel (JF-3948)
                                 232 Warren Street
                                 Brooklyn, NY 11201
                                 (718) 243-2039
                                 Attorney for Plaintiff