UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - :
BRIAN CONLEY,                            :
                                         :
                    Plaintiff,           :   **FIRST AMENDED COMPLAINT**
                                         :              **AND**
              vs.                        :         **JURY DEMAND**
                                         :
CITY OF NEW YORK, POLICE OFFICER         :      ECF CASE
STEFANIE MOUNT, POLICE OFFICER JAMES     :
V. ASTUTO, and JOHN DOES 1-5,            :
                                         :   05 CV 10024 (KMK)
                    Defendants.          :
- - - - - - - - - - - - - - - - - - - - :

Plaintiff, by and through his attorney, alleges:

### JURISDICTION

1. This action arises under and the First, Fourth and Fourteenth Amendments to the United States Constitution and is filed pursuant to 42 U.S.C. § 1983.

2. The jurisdiction of this Court is predicated on 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3) and (4).

3. The plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367 over any and all state claims and as against all parties that are so related to the claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

### PARTIES

4. Plaintiff is a citizen and resident of the United states.

5. Defendant City of New York is and was at all times relevant to this action a municipal corporation authorized under the

     laws of the State of New York.

6. Defendant Stefanie Mount is and was at all times relevant to this action a police officer employed by defendant City of New York and acting under color of law. She is sued in her individual capacity.

7. Defendant James V. Astuto is and was at all times relevant to this action a police officer employed by defendant City of New York and acting under color of law. He is sued in his individual capacity.

8. Defendants John Doe 1 through John Doe 5 are and were at all times relevant to this action, police officers employed by the defendant City of New York and acting under color of law. Each is sued in his individual capacity.

**FACTS**

9. On August 31, 2004 at approximately 8:45 a.m. plaintiff was on the sidewalk at Stone Street and Mill Lane. He was there for the purpose of filming an activity related to the protests at the Republican National Convention.

10. At that time and place, plaintiff was arrested and charged with disorderly conduct.

11. At the time of his arrest, plaintiff was engaged in no activity which was in violation of law and neither defendant Stefanie Mount nor defendant James V. Astuto nor John Doe 1 through 5 had probable cause to arrest him.

12. Plaintiff was placed in flexible plastic handcuffs. Those cuffs were too tight and plaintiff made several complaints about this to the arresting officers, including, but not limited to defendant Astuto as well as John Does 2 and 3 who accompanied plaintiff from the scene of his arrest to Pier 57 where he was held.

13. On or about November 10, 2004 all charges against plaintiff were dismissed.

## COUNT I

## FALSE ARREST - § 1983

14. Plaintiff repeats and realleges paragraphs 1 through 13 of this Complaint as if fully set forth herein.

15. Plaintiff Conley engaged in no conduct which could lawfully subject him to arrest and defendants did not have probable cause to arrest him.

16. As a direct and proximate result of the actions of defendants, taken under color of law, plaintiff was deprived of rights protected by the Fourth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §1983.

17. As a direct and proximate result of the actions of defendants, taken under color of law, plaintiff suffered physical injury, emotional harm and distress.

## COUNT II

**MALICIOUS PROSECUTION – § 1983**

18. Plaintiff repeats and realleges paragraphs 1 through 17 of this Complaint as if fully set forth herein.

19. The allegations in the criminal complaint signed by defendant Mount were knowingly false and motivated by a desire to punish plaintiff and/or to cover up defendants unlawful conduct.

20. The aforesaid conduct of defendant Mount violated plaintiff s rights under the Fourth and Fourteenth Amendments to the United States Constitution.

21. As a direct and proximate result of the actions of defendant, taken under color of law, plaintiff suffered emotional harm and distress and was caused to expend money to defend himself.

## COUNT III

**FIRST AMENDMENT – § 1983**

22. Plaintiff repeats and realleges paragraphs 1 through 21 of this Complaint as if fully set forth herein.

23. The conduct of defendants as described herein was motivated, at least in significant part, by the fact that plaintiff had engaged in activity protected by the First Amendment.

24. The mistreatment of plaintiff due to his exercise of First Amendment rights violates plaintiff s rights under the First and Fourteenth Amendments to the United States Constitution.

25. As a direct and proximate result of the actions of defendants, taken under color of law, plaintiff suffered physical injury, emotional harm and distress and was prevented from engaging in First Amendment activity during the time of his detention.

### COUNT IV

### DELIBERATE INDIFFERENCE - § 1983

26. Plaintiff repeats and realleges paragraphs 1 through 25 of this Complaint as if fully set forth herein.

27. The failure of defendants to release or remediate the tightness of the handcuffs which were placed on plaintiff was deliberately indifferent to the right of plaintiff to be free from unreasonable force in violation of the Fourth and Fourteenth Amendments to the United states Constitution.

28. As a direct and proximate result of the actions of defendants, taken under color of law, plaintiff suffered physical injury to his left hand and wrist, some of which may be permanent, emotional harm and distress as well as loss of income due to the injury.

### COUNT V

### FAILURE TO TRAIN AND SUPERVISE - § 1983

29. Plaintiff repeats and realleges paragraphs 1 through 28 of this Complaint as if fully set forth herein.

30. On information and belief, defendant City of New York has,

with deliberate indifference, failed to adequately train or otherwise direct police officers concerning the use of flexible plastic handcuffs, thereby causing the defendant officers in this case to engage in the unlawful conduct described above.

31. As a direct and proximate result of the actions of defendant City of New York, taken under color of law, plaintiff suffered physical injury to his left hand and wrist, some of which may be permanent, emotional harm and distress as well as loss of income due to the injury.

### COUNT VI

**FALSE ARREST AND FALSE IMPRISONMENT - STATE LAW**

32. Plaintiff repeats and realleges paragraphs 1 through 31 of this Complaint as if fully set forth herein.

33. The conduct of defendants as set forth herein constituted false arrest and false imprisonment in violation of the Constitution, statutory, and common law of the State of New York.

34. Plaintiff has filed Notice of Claim with the Comptroller of the City of New York within the time required by law and more than 30 days have elapsed since that filing, and adjustment or payment thereof has been neglected or refused.

35. As a direct and proximate result of the actions of defendants, plaintiff suffered deprivation of liberty,

physical injury, emotional harm and distress.

## COUNT VII

### ASSAULT AND BATTERY - STATE LAW

36. Plaintiff repeats and realleges paragraphs 1 through 35 of this Complaint as if fully set forth herein.

37. The conduct of defendants as set forth herein constituted assault and battery in violation of the Constitution, statutory, and common law of the State of New York.

38. Plaintiff has filed Notice of Claim with the Comptroller of the City of New York within the time required by law and more than 30 days have elapsed since that filing, and adjustment or payment thereof has been neglected or refused.

39. As a direct and proximate result of the actions of defendants, plaintiff suffered deprivation of liberty, physical injury, emotional harm and distress, loss of income and costs and expenses.

## COUNT VIII

### MALICIOUS PROSECUTION - STATE LAW

40. Plaintiff repeats and realleges paragraphs 1 through 39 of this Complaint as if fully set forth herein.

41. The conduct of defendants as set forth herein constituted malicious prosecution in violation of the Constitution, statutory, and common law of the State of New York.

42. Plaintiff has filed Notice of Claim with the Comptroller of

    the City of New York within the time required by law and more than 30 days have elapsed since that filing, and adjustment or payment thereof has been neglected or refused.

43. As a direct and proximate result of the actions of defendants, plaintiff suffered deprivation of liberty, emotional harm and distress and costs and expenses.

## COUNT IX

### NEGLIGENCE - STATE LAW

44. Plaintiff repeats and realleges paragraphs 1 through 43 of this Complaint as if fully set forth herein.
45. The conduct of defendants as set forth herein constituted negligence in violation of the Constitutional, statutory, and common law of the State of New York.
46. Plaintiff has filed Notice of Claim with the Comptroller of the City of New York within the time required by law and more than 30 days have elapsed since that filing, and adjustment or payment thereof has been neglected or refused.
47. As a direct and proximate result of the actions of defendants, plaintiff suffered deprivation of liberty, physical injury, emotional harm and distress, loss of income and costs and expenses.

    **WHEREFORE**, Plaintiff demands judgment as follows:

        a.    Compensatory damages;

      b.    Punitive damages;

      c.    Reasonable attorneys fees and costs;

      d.    Such other and further relief as appears reasonable and just.

Plaintiff demands trial by jury.


Dated: March 27, 2006                  s/Jeffrey E. Fogel
                                          Jeffrey E. Fogel (JF-3948)
                                          232 Warren Street
                                          Brooklyn, NY 11201
                                          (718) 243-2039
                                          Attorney for Plaintiff