UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

BRIAN CONLEY,

                        Plaintiff,

      -against-

THE CITY OF NEW YORK, POLICE OFFICER
STEFANIE MOUNT, POLICE OFFICER JAMES V.
ASTUTO, and JOHN DOES 1-5,

                        Defendants.

------------------------------------------------------------------------ x

**ANSWER**

05 CV 10024 (KMK) (JCF)

       Defendants City of New York ("City"), Sgt. Stefanie Mount, and Police Officer James V. Astuto, by their attorney, Michael A. Cardozo, Corporation Counsel for the City of New York, for their answer to the First Amended Complaint ("Complaint"), respectfully allege as follows:

## JURISDICTION

       1.     Deny the allegations contained in paragraph 1 of the Complaint, except admit that plaintiff purports to bring this action under the statutory and constitutional provisions enunerated therein.

       2.     Deny the allegations set forth in paragraph 2 of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court.

       3.     Deny the allegations set forth in paragraph 3 of the Complaint, except admit that plaintiff purports to invoke the supplemental jurisdiction of this Court.

-2-

## PARTIES

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint.

5. Defendants deny the allegations set forth in Paragraph 5 of the Complaint, except admit that the City of New York is a municipal corporation duly organized and operating under the laws of the State of New York and respectfully refer the Court to the appropriate enabling statute and the related laws of the State and City of New York for their content and meaning as to its responsibilities.

6. Deny the allegations set forth in paragraph 6 of the Complaint, except admit that on August 31, 2004, defendant Mount was employed by the City of New York as a police officer.

7. Deny the allegations set forth in paragraph 7 of the Complaint, except admit that on August 31, 2004, defendant Astuto was employed by the City of New York as a police officer.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint.

## FACTS

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint.

10. Admit the allegations set forth in paragraph 10 of the Complaint.

11. Deny the allegations set forth in paragraph 11 of the Complaint.

-3-

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint, except admit that plaintiff was placed in flexible plastic handcuffs.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint.

## COUNT I

### FALSE ARREST -- § 1983

14. Repeat and reallege their responses to paragraphs 1-13 of the Complaint as if fully set forth herein.

15. Deny the allegations set forth in paragraph 15 of the Complaint.

16. Deny the allegations set forth in paragraph 16 of the Complaint.

17. Deny the allegations set forth in paragraph 17 of the Complaint.

## COUNT II

### MALICIOUS PROSECUTION -- § 1983

18. Repeat and reallege their responses to paragraphs 1-17 of the Complaint as if fully set forth herein.

19. Deny the allegations set forth in paragraph 19 of the Complaint.

20. Deny the allegations set forth in paragraph 20 of the Complaint.

21. Deny the allegations set forth in paragraph 21 of the Complaint.

-4-

## COUNT III

### FIRST AMENDMENT -- § 1983

22. Repeat and reallege their responses to paragraphs 1-21 of the Complaint as if fully set forth herein.

23. Deny the allegations set forth in paragraph 23 of the Complaint.

24. Deny the allegations set forth in paragraph 24 of the Complaint.

25. Deny the allegations set forth in paragraph 25 of the Complaint.

## COUNT IV

### DELIBERATE INDIFFERENCE – § 1983

26. Repeat and reallege their responses to paragraphs 1-25 of the Complaint as if fully set forth herein.

27. Deny the allegations set forth in paragraph 27 of the Complaint.

28. Deny the allegations set forth in paragraph 28 of the Complaint.

## COUNT V

### FAILURE TO TRAIN AND SUPERVISE -- § 1983

29. Repeat and reallege their responses to paragraphs 1-28 of the Complaint as if fully set forth herein.

30. Deny the allegations set forth in paragraph 30 of the Complaint.

31. Deny the allegations set forth in paragraph 31 of the Complaint.

-5-

## COUNT VI

### FALSE ARREST AND FALSE IMPRISONMENT – STATE LAW

32. Repeat and reallege their responses to paragraphs 1-31 of the Complaint as if fully set forth herein.

33. Deny the allegations set forth in paragraph 33 of the Complaint.

34. Deny the allegations set forth in paragraph 34 of the Complaint.

35. Deny the allegations set forth in paragraph 35 of the Complaint.

## COUNT VIII

### ASSAULT AND BATTERY – STATE LAW

36. Repeat and reallege their responses to paragraphs 1-35 of the Complaint as if fully set forth herein.

37. Deny the allegations set forth in paragraph 37 of the Complaint.

38. Deny the allegations set forth in paragraph 38 of the Complaint.

39. Deny the allegations set forth in paragraph 39 of the Complaint.

## COUNT VIII

### MALICIOUS PROSECUTION – STATE LAW

40. Repeat and reallege their responses to paragraphs 1-39 of the Complaint as if fully set forth herein.

41. Deny the allegations set forth in paragraph 41 of the Complaint.

42. Deny the allegations set forth in paragraph 42 of the Complaint.

43. Deny the allegations set forth in paragraph 43 of the Complaint.

## COUNT IX

## NEGLIGENCE – STATE LAW

44. Repeat and reallege their responses to paragraphs 1-43 of the Complaint as if fully set forth herein.

45. Deny the allegations set forth in paragraph 45 of the Complaint.

46. Deny the allegations set forth in paragraph 46 of the Complaint.

47. Deny the allegations set forth in paragraph 47 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

48. The Complaint fails in whole or in part to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

49. There was probable cause for plaintiff's arrest, detention, and/or prosecution.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

50. Any and all injuries alleged in the Complaint were caused, in whole or in part, by the culpable, negligent, or intervening conduct of plaintiff and/or third parties, and were not the proximate result of any act of defendants.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

51. This action is barred in whole or in part by the doctrines of res judicata and/or estoppel.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

52.  The individual defendants have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known, and therefore, are entitled to qualified immunity.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

53.  Punitive damages are not recoverable against the City of New York.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

54.  The amount of punitive damages against non-City defendants, if available, is limited by applicable state and federal constitutional provisions, including due process and other provisions of law.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

55.  Defendants have not violated any rights, privileges or immunities secured to the plaintiff under the Constitution, the laws of the United States, the laws of the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

56.  At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

57. At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of their discretion. Therefore, defendant City is entitled to governmental immunity from liability.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

58. To the extent defendants used any force it was reasonable, necessary, and justified to accomplish their official duties and to protect their own physical safety and the physical safety of others.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

59. Plaintiff's claims are barred, in whole or in part, by their contributory or comparative negligence and assumption of risk.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

60. Plaintiff's claims are barred, in part, by their failure to comply with the conditions precedent to suit including, but not limited to, New York General Municipal Law §50-e and §50-i.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

61. Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitations.

WHEREFORE, answering defendants request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court deems just and proper.

Dated:      New York, New York
            April 18, 2006

                        MICHAEL A. CARDOZO
                        Corporation Counsel of the City of New York
                        *Attorney for Defendants*
                        100 Church Street, Room 3-132
                        New York, New York 10007
                        (212) 788-1817

By:              /S/
                        Fred M. Weiler (FW 5864)
                        Assistant Corporation Counsel

TO:
Jeffrey E. Fogel, Esq. (via ECF)
232 Warren Street
Brooklyn, New York 11201
*Attorney for Plaintiff*