

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**Fred M. Weiler**
*Assistant Corporation Counsel*
fweiler@law.nyc.gov
Tel: (212) 788-1817
Fax: (212) 788-9776

August 6, 2008

**BY FAX 212-805-7930**
Honorable James C. Francis IV
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  **Conley v. City of New York et al., 05 CV 12004 (RJS) (JCF)**

Dear Judge Francis:

      Defendants respectfully request that the Court enter an Order permitting defendants to conduct the depositions of non-party witnesses whom plaintiff expects to rely upon at trial or on dispositive motions. Your Honor previously endorsed defendants' application to take the depositions of non-party witnesses on consent of the parties. (See Endorsed Letter from Tonya Jenerette, dated July 11, 1008). This application concerns the depositions of non-party witnesses where plaintiff, through his counsel, has refused to consent to some of the depositions.

      Plaintiff first disclosed his intention to rely upon the non-party witnesses at issue in a letter dated March 31, 2008 (the "March 31 Letter"). In that letter, plaintiff reserved the right to call at a trial of these matters 16 non-party witnesses, 14 of whom who have not been deposed.[1] Defendants conferred with plaintiff's counsel in an effort to secure consent to proceed with the depositions of these 14 witnesses. Plaintiff's counsel agreed that four non-party witnesses – treating doctor Robert Van Uitert, treating doctor Eowyn Rieke, videographer/arrestee Eartha Melzer, and photographer Jeremy Bigwood – could be deposed. However, with respect to the remaining 10 non-party witnesses – all of whom were present at the same time and place and

---

[1] Non-party witness Valarie Brar, a party in the RNC case Botbol v. City of New York, 05 CV 1572, was already deposed in connection with that case on Sept. 4, 2007. Non-party witness Emma Lang, also a party in the Botbol case, was deposed on Aug. 15, 2007.

under the same circumstances as plaintiff, and may have witnessed plaintiff's unlawful conduct – plaintiff's counsel has refused consent on the grounds that defendants' request is untimely.

Taking the testimony of those witnesses is critical to defendants' ability to effectively prepare for trial and craft dispositive motions. Most if not all of these witnesses participated in the demonstration at which plaintiff was arrested, and any one of these witnesses may have seen what plaintiff did or did not do that led to his arrest. Without this testimony, defendants will be subject to ambush at trial or on summary judgment, a result which is highly prejudicial to defendants and does not serve justice. For these and the additional reasons set forth below, defendants respectfully request that the Court permit defendants to take the depositions of the following witnesses to appear for deposition:

> John Hardenbergh
> Robert Turner[2]
> Edmund Frost
> Daniel Lanoue
> Matthew Kavanaugh
> Morrigan Phillips
> Chris Doran
> Serena Elston
> Rachel Moshman
> Elliott Caldwell

***Defendants First Learned That Plaintiffs Would Rely On These Witnesses At Trial On March 31, 2008.***

Four of the ten witnesses that defendants seek to depose – specifically, witnesses Turner, Frost, Elston, and Caldwell – were identified for the first time by plaintiff in the March 31 Letter. The names of the other six witnesses – specifically, witnesses Hardenbergh, Lanoue, Kavanaugh, Phillips, Doran, and Moshman – were disclosed in plaintiff's interrogatory responses. In his deposition, when testifying about his arrest, plaintiff made passing mention of witnesses Elston and Lanoue.

With respect to all of these witnesses, plaintiff claims that it is too late to depose them, presumably because their names were disclosed in his interrogatory responses or at his deposition. However, earlier reliance on plaintiff's interrogatory responses or deposition testimony would have required defendants to speculate, possibly to their detriment, about which witnesses plaintiff would likely call at trial or rely upon for a summary judgment motion.[3] All of the 10 non-party witnesses defendants wish to depose were arrested along with plaintiff, and it

---

[2] This witness is identified as "Michael" Turner in the March 31 Letter; defendants are advised that this is the same person as a "Robert" Turner arrested along with plaintiff.

[3] Defendants note that in some cases, witnesses were identified in interrogatory responses only by first name – e.g, "Michael," "Edmund," "Jesse" – and that plaintiff's counsel never supplemented these responses to provide more identifying information. Thus, in some cases defendants had to guess that plaintiff was identifying someone arrested along with plaintiff, i.e., that "Eartha" refers to arrestee Eartha Melzer.

would have made no sense for defendants to depose them merely for that reason without first determining (1) what information the witness possessed and (2) whether plaintiff intended to rely upon that information at trial or on summary judgment.

Moreover, to the extent that plaintiff may argue that Lanoue's and Elston's names were disclosed at his deposition, this Court has addressed and rejected the argument that mentioning witnesses in a deposition is sufficient notice of a party's intention to rely upon them at trial. In *Schiller v. City of New York*, 2007 U.S. Dist. LEXIS 16935, *12 (S.D.N.Y. Mar. 12, 2007), Your Honor held that "in a simpler case, a general reference to an individual during a deposition might be sufficient to put the parties on notice that that person is a potential witness. But in a complex case such as this, a far more direct discussion of the individual's role is required before a party is relieved of its obligations under Rules 26(a)(1) and 26(e)(1)." That ruling forecloses the notice argument advanced by plaintiff here.

In sum, plaintiff provided sufficient notice of his intent to rely upon these 10 non-party witnesses at trial for the first time in the March 31 Letter. Defendants could not have reasonably sought to take the depositions of non-party witnesses prior to receiving that information. For this reason, defendants' request is timely.

### *Defendants Were Unable to Depose These Witnesses Until Now*

Defendants have complied with this Court's Order governing non-party witnesses and noticed those depositions in a timely manner. As Your Honor is aware, from July 2007 through January 2008, defendants were ordered to take approximately 500 plaintiff depositions while simultaneously producing and defending approximately 300 NYPD witnesses. Defendants were thus engaged in more than five party depositions per day for months, which is many more than any single plaintiffs' counsel was ever required to do on any given day. Thus, any suggestion by plaintiff that during this time, defendants should have deposed non-party witnesses in this case – most of whom were not yet identified as witnesses upon whom plaintiff would rely at trial – is simply unreasonable. Defendants had neither the time nor the personnel to take the depositions of non-party witnesses during that period. The timing of defendants' request is, therefore, necessitated by the party deposition schedule.

### *Defendants Will Be Severely Prejudiced If Their Application Is Denied*

Plaintiff will not suffer any prejudice if this Court grants defendants' application because discovery in these litigations is still proceeding on several tracks. For example, as a result of recent orders concerning failure to provide discovery, a number of plaintiffs have been scheduled for additional deposition testimony; discovery concerning intelligence issues is still ongoing; plaintiffs have stated their intent to recall witnesses after the Court's ruling on the deliberative process privilege; and the parties have yet to commence expert discovery in any of these cases, including the depositions of medical providers. Defendants anticipate that the depositions will be short in duration, with several occurring per day. For these reasons, the depositions requested here will not unduly prolong fact discovery nor prejudice plaintiff in any material respect.

Any potential prejudice to plaintiff is minimal compared to the severe prejudice that defendants will suffer if the application is denied. The prejudice to defendants is magnified here because the depositions of likely trial witnesses are at issue. Plaintiff has reserved his rights to call any one of the non-party witnesses whose testimony is sought here at trial or to rely upon their testimony in support of a motion for summary judgment. Defendants need to know the content of their testimony prior to trial or the filing of dispositive motions. Without that information, defendants are subject to ambush at trial, which is highly prejudicial to defendants, contrary to federal practice and a result that does not serve justice. *See generally, Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006).

**Relief Requested**

For the reasons set forth above, defendants respectfully request that this Court permit defendants to proceed with taking the depositions of the 10 non-party witnesses set forth above. The depositions would be completed within 60 days from the date of Your Honor's decision on this application.

Respectfully submitted,

Fred M. Weiler

cc: Jeffrey Fogel, Esq. (via e-mail)

# Transmission Report

| | | | | |
|---|---|---|---|---|
| Date/Time | 08-06-2008 | 04 43 34 p m | Transmit Header Text | |
| Local ID 1 | 2127883824 | | Local Name 1 | NYC Law 3-135 Environmental |
| Local ID 2 | | | Local Name 2 | |

This document : Confirmed
(reduced sample and details below)
Document size : 8.5"x11"



THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007
**FACSIMILE TRANSMISSION**

| TO | Hon. James C Francis IV | FROM. | Fred M. Weiler, Esq |
| | | | Phone: 212-788-1817 |
| | | | Fax: 212-788-9776 |
| | | | E-mail: fweiler@law.nyc.gov |
| FAX #. | 212-805-7930 | DATE. | Aug. 6, 2008 |

You should receive 5 pages, including this one
Please contact me if you do not receive all pages.

This facsimile contains CONFIDENTIAL INFORMATION which may also be LEGALLY PRIVILEGED. It is intended only for use of the addressee(s) named above. If you are neither the intended recipient of this facsimile nor the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that disseminating or copying this facsimile is prohibited. If you have received this facsimile in error, please notify this office by telephone and return the original to the address set forth by the United States Postal Service. Thank you.

**Message:**

---
[1] This communication contains information that is privileged, attorney work product, exempt or prohibited from disclosure under applicable law. If you have received this facsimile in error, please notify this office by telephone and return the original to the address set forth by the United States Postal Service. Thank you.

Total Pages Scanned  5      Total Pages Confirmed  5

| No | Job | Remote Station | Start Time | Duration | Pages | Line | Mode | Job Type | Results |
|---|---|---|---|---|---|---|---|---|---|
| 001 | 231 | 212 805 7930 | 04 41 38 p m  08-06-2008 | 00 01 26 | 5/5 | 1 | EC | HS | CP24000 |

Abbreviations
| | | | |
|---|---|---|---|
| HS  Host send | PL  Polled local | MP  Mailbox print | TU  Terminated by user |
| HR  Host receive | PR  Polled remote | CP  Completed | TS  Terminated by system    G3  Group 3 |
| WS  Waiting send | MS  Mailbox save | FA  Fail | RP  Report    EC  Error Correct |